UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KERRY VINKLER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-1631 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| COUNTY OF DUPAGE, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Kerry Vinkler filed an Amended Complaint against her former employer, Defendant County of DuPage, Illinois ("DuPage"), alleging DuPage violated her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. DuPage has filed a Motion for Summary Judgment [20]. For the reasons set forth below, that Motion is denied.

### **BACKGROUND**

Local Rule 56.1(a) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue" and to cite to the relevant admissible evidence supporting each fact. Local Rule 56.1(b)(3)(B) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *Martin v. Gonzalez*, 526 F. App'x 681, 682 (7th Cir. 2013). Under Local Rule 56.1(b)(3)(C), the nonmoving party may file a statement of additional facts, and the moving party may submit a concise reply under Local Rule 56.1(a)(3). To the extent that a purported fact is merely a legal conclusion, it is disregarded. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371 (7th Cir. 2008).

A litigant's failure to respond to a Rule 56.1 statement, or to dispute the statement without "specific references to the affidavits, parts of the record, and other supporting material," results in the court's admitting the uncontroverted statement as true. *Banks v. Fuentes*, 545 F. App'x 518, 520 (7th Cir.2013). Similarly, responses containing argumentative denials or extraneous information do not properly dispute a fact. *See Graziano v. Village of Oak Park*, 401 F. Supp. 2d 918, 937 (N.D. Ill. 2005).

DuPage moved to strike a number of Vinkler's responses in her Local Rule 56.1(b)(3)(B) Response on the grounds that these responses presented new facts, which should properly be raised in Vinkler's Local Rule 56.1(b)(3)(C) Statement of Additional Facts. Specifically, DuPage argues that Vinkler attempted to introduce new facts in her 56.1(b)(3)(B) Response and "gives record cites that are not contained in her [S]tatement of [A]dditional [F]acts." (Def's Reply Memorandum at 3.) "District courts have broad discretion to enforce local rules governing summary judgment, including specifically Rule 56.1(b)(3)(B)." *Martin*, 526 F. App'x at 682 (citations omitted). DuPage's argument is persuasive with respect to Vinkler's responses that are unresponsive or that include new facts and citations to new documents. However, many of the responses DuPage moves to strike simply state that Vinkler "disagrees with" Dupage's statement, and cite Vinkler's deposition. Local Rule 56.1(b)(3)(B) requires "in the case of any disagreement, specific references to the affidavits, parts of the record and other supporting materials relied upon. . . ." DuPage included Vinkler's deposition with its Motion for Summary Judgment, albeit only the pages of the deposition DuPage chose to cite. Therefore, Vinkler's responses citing her own deposition are not inappropriate. After reviewing Vinkler's 56.1(b)(3)(B) responses, Vinkler's responses to paragraphs 4, 35, 36, 38 and 40 are stricken. The remaining responses will be considered.

In July 2005, DuPage hired Vinkler as its Director of Animal Care and Control. (Def.'s SOF ¶ 3.)[1] The Director of Animal Care and Control is a position under the authority of the DuPage County Board. (*Id.* ¶ 8.) Throughout her tenure, Vinkler's performance evaluations reflected Vinkler meeting or exceeding DuPage's expectations. (Pl.'s SOF ¶ 3.)

On or about August 17, 2012, the DuPage County Director of Human Resources, Margaret Ewing, was made aware of an Animal Care and Control employee's statements during her exit interview that Vinkler made inappropriate comments, kept inappropriate items on her desk, and treated employees inconsistently. (Def.'s SOF ¶¶ 6, 25, 26.) On or about September 27, 2012, Ewing was made aware of statements made by another Animal Care and Control employee that Vinkler would leave work and not return, was unreachable by phone or email for extended periods, falsified time sheets, and was generally unavailable to Animal Care and Control employees. (*Id.* ¶¶ 27, 28.) In response to these statements, Vinkler's direct supervisor, Elizabeth Welch, initiated an investigation. (*Id.* ¶ 29.) During the course of her investigation, Welch spoke with an Animal Care and Control accountant, who also stated Vinkler falsified time sheets, and the Animal Care and Control Foundation Coordinator, who stated Vinkler was absent from several events she registered to attend. (*Id.* ¶¶ 30, 31.)

On October 4, 2012, Welch requested a meeting with Vinkler, but Vinkler left work early due to illness. (*Id.* ¶ 34.) Vinkler remained absent from work through October 16, 2012, and DuPage designated that time FMLA leave. (*Id.* ¶ 33.) On October 17, 2012, Vinkler returned

---

[1] Admitted Statements of Fact are designated as either DuPage's ("Def.'s SOF") or Vinkler's ("Pl.'s SOF"), with the corresponding paragraph referenced.

3

with a note from her doctor, indicating no restrictions on her work and listing no diagnoses or certifications of specific illnesses. (*Id*.)

On the same day Vinkler returned to work, Welch initiated a meeting with Ewing and Vinkler in order to give Vinkler an opportunity to respond to the statements Welch had collected. (*Id*. ¶ 34.) Vinkler failed to respond to most allegations and admitted to Welch that she had, at least once, falsified time sheets. (*Id*. ¶ 35.)

Based on the credibility of the employee accounts of Vinkler and Vinkler's inability to refute the allegations at the October 17, 2012 meeting, Ewing lacked confidence in Vinkler's leadership ability and concluded that Vinkler was an ineffective administrator. (*Id*. ¶ 37.) On October 19, 2012, Ewing presented Vinkler with a letter, notifying Vinkler of her immediate discharge and summarizing the reasons for discharge. (*Id*. ¶ 38.) Vinkler appealed her discharge before an arbitrator, and the arbitrator ruled that DuPage had just cause to discharge Vinkler. (*Id*. ¶ 39.)

## LEGAL STANDARD

Summary judgment is appropriate when there remains "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *See Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012). The party seeking summary judgment must first identify those portions of the record that establish there is no genuine issue of material fact. *U.S. v. King-Vassel*, 728 F.3d 707, 711 (7th Cir. 2013) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To survive such a showing, the nonmoving party must "present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 433 F.3d 1024, 1030-31 (7th Cir. 2006) (citing *Serfecz v. Jewel Food Stores*, 67

4

F.3d 591, 596 (7th Cir. 1995)). Opposition to summary judgment requires more than a scintilla of evidence or some metaphysical doubt. *Nat'l Inspection Repairs, Inc. v. George S. May Int'l Co.*, 600 F.3d 878, 882 (7th Cir. 2010) (citations omitted). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Wells v. Coker*, 707 F.3d 756, 760 (7th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When considering a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010) (citations omitted). The court does not make credibility determinations or weigh conflicting evidence. *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 799 (7th Cir. 2011) (citations omitted). Therefore, issues of contract interpretation are "particularly amenable to summary judgment." *Automation By Design, Inc. v. Raybestos Prods. Co.*, 463 F.3d 749, 753 (7th Cir. 2006).

## ANALYSIS

The FMLA generally provides that an employee is entitled to a total of twelve weeks per year of leave related to "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Upon return from such leave, an employee is entitled to be restored to either "the position of employment held by the employee when the leave commenced" or "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

Employers may not "discharge or in any other manner discriminate against any individual opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2). Nor may

employers "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." Vinkler alleges DuPage violated the FMLA in both ways: (1) DuPage terminated Vinkler in retaliation for taking FMLA leave (Am. Compl. ¶ 26) and (2) DuPage interfered with Vinkler's ability to take FMLA leave by failing to notify her of her right to do so and failing to tell her that the leave she took would be deducted from her FMLA leave allotment. (Am. Compl. ¶ 27.)

*Retaliation*

A retaliation claim under the FMLA can be proved either directly or indirectly. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 824 (7th Cir. 2011). The direct method "must present evidence of (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Id.* (quoting *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 593 (7th Cir. 2008). The first two requirements have been met here.[2] In order to avoid trial on the causal connection, DuPage must show unrebutted evidence that it would have discharged Vinkler even if she had not taken FMLA leave. *Goelzer v. Sheboygan Cnty., Wis.*, 604 F.3d 987, 995 (7th Cir. 2010). DuPage has established a compelling case that Welch made the decision to discharge Vinkler because of the negative information communicated by other Animal Care and Control employees coupled with Vinkler's failure to contest those allegations. Vinkler argues that none of the negative allegations of her coworkers has been established because they are inadmissible hearsay. Although the truth of the allegations may be hearsay, that Welch was made aware of the allegations and chose to terminate

---

[2] DuPage's argument that Vinkler did not engage in a statutorily protected activity contradicts its own statement of fact that Vinkler's absence was "designated as FMLA leave by [DuPage]." (Def.'s SOF ¶ 32.)

6

Vinkler because of them is not. Fed. R. Evid. 801(c)(2). Indeed, "the question of intent is relevant. The issue becomes whether the employer's actions were motivated by an impermissible retaliatory or discriminatory animus." *King v. Preferred Technical Grp.*, 166 F.3d 887, 891 (7th Cir. 1999).

However, Vinkler submits that she was fired just two days after returning from her absence, shortly after a meeting in which she inquired about how to apply for future FMLA leave. "[C]lose temporal proximity provides evidence of causation and may permit a plaintiff to survive summary judgment provided that there is other evidence that supports the inference of a causal link." *Anderson v. Donahoe*, 699 F.3d 989, 996 (7th Cir. 2012). Moreover, she had never received a negative performance report in her seven years with DuPage. These facts could reasonably allow a trier of fact to conclude that Vinkler was discharged as a result of taking FMLA leave.

The indirect method of proof requires Vinkler to "show that after taking FMLA leave (the protected activity) [s]he was treated less favorably than other similarly situated employees who did not take FMLA leave, even though [s]he was performing h[er] job in a satisfactory manner." *Burnett v. LFW Inc.*, 472 F.3d 471, 482 (7th Cir. 2006) (quoting *Hull v. Stoughton Trailers, LLC*, 445 F.3d 949, 951 (7th Cir. 2006)). Although Vinkler asserts that "no employee of [DuPage] has been terminated or disciplined for the same reasons as [Vinkler]," (Pl.'s SOF ¶ 1.), she offers no evidence that any other employee had ever kept her position after allegations of falsifying time sheets, to say nothing of the rest of the allegations. Vinkler has failed to present indirect proof of retaliation.

*Interference*

Prevailing on a claim of interference with FMLA benefits requires Vinkler to show

"(1) she was eligible for the FMLA's protections; (2) [DuPage] was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) [DuPage] denied her FMLA benefits to which she was entitled." *Makowski*, 662 F.3d at 825 (quoting *Goelzer*, 604 F.3d at 993). DuPage concedes the first two elements of the interference showing, but argues that Vinkler failed to supply notice and was not denied any benefits.

Notice under the FMLA requires no particular form or substance of an employee's communication with her employer. *Burnett v. LFW*, 472 F.3d at 478. However, "unless the employer already knows that the employee has an FMLA-authorized ground for leave . . . the employee must communicate the ground to him; he cannot just demand leave." *Aubuchon v. Knauf Fiberglass GmbH*, 359 F.3d 950, 953 (7th Cir. 2004). DuPage argues that it had no reason to suspect Vinkler might be absent in the future because Vinkler provided a doctor's note stating she was without limitation in returning to work. Vinkler responds, citing DuPage's admission that DuPage designated her absence FMLA leave. Whether DuPage was given notice of Vinkler's intent to take leave is an unresolved issue of material fact.

Vinkler has established disputed material facts for her retaliation claim and her interference claim, rendering summary judgment inappropriate.

## CONCLUSION

For the reasons set forth above, Dupage's Motion for Summary Judgment [20] is denied.

Date: June 17, 2014

JOHN W. DARRAH
United States District Court Judge

8