UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KERRY VINKLER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-1631 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| COUNTY OF DUPAGE, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Kerry Vinkler filed an Amended Complaint against her former employer, Defendant County of DuPage, Illinois ("DuPage"), alleging DuPage violated her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. DuPage filed a motion for summary judgment that was denied on June 17, 2014. On June 23, 2014, DuPage filed the instant Motion for Reconsideration [35]. For the reasons set forth below, that Motion is denied.

## BACKGROUND[1]

Vinkler was DuPage County's Director of Animal Care and Control for over seven years before being absent for nearly two weeks due to illness in early October 2012. When Vinkler returned to work on October 17, 2012, she was fired. After an arbitrator ruled that DuPage had just cause to fire Vinkler, she filed this Complaint, alleging violations of the FMLA.

DuPage moved to strike a number of Vinkler's responses in her Local Rule 56.1(b)(3)(B) Response to DuPage's Rule 56 Statement of Material Facts ("SOF"). This motion was granted

---

[1] The facts pertinent to this Motion are derived from the parties' statements of material facts appended to the briefing of DuPage's motion for summary judgment. A more complete account can be found in the Memorandum Opinion and Order of June 17, 2014.

with respect to five of Vinkler's responses. DuPage now moves for reconsideration, arguing that striking two of Vinkler's responses resulted in admitted statements that require granting summary judgment.

## LEGAL STANDARD

Because denial of a motion for summary judgment is not itself a final judgment, it may be reconsidered under Federal Rule of Civil Procedure 54(b), which provides that any order "which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Even pursuant to Rule 54(b), motions to reconsider oppose a "presumption against reopening matters already decided[,] reflect[ing] interests in consistency, finality, and the conservation of judicial resources, among others." *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007) (citing *Analytical Engineering, Inc.v. Baldwin Filters, Inc.*, 425 F.3d 443, 454 (7th Cir. 2005)).

Motions to reconsider should be rare and are appropriate only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotations and citations omitted). Such motions should be granted only to correct "manifest error," which is "not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

# ANALYSIS

DuPage's Motion is based on two of its statements of material fact. DuPage's SOF 36 states:

> On October 17, 2012, Margaret Ewing made the decision to discharge Plaintiff's employment as Director of DuPage County Animal Care and Control based on her belief that the statements made by the Animal Care and Control staff were credible combined with Plaintiff's inability to refute the allegations made by her staff.

Vinkler's response to SOF 36 states:

> Plaintiff disagrees with [SOF 36]. Defendant states that final decision making authority to terminate plaintiff rested with the DuPage County Board and that Elizabeth Welch, Thomas Cuculich and Margaret Ewing participated in the decision to terminate plaintiff.

DuPage's SOF 40 states:

> No aspect of Plaintiff's health played a part in the decision by Margaret Ewing to discharge Plaintiff.

Vinkler's response to SOF 40 states:

> Plaintiff disagrees that Ewing had the authority to discharge plaintiff or that she did make the decision to discharge plaintiff. Plaintiff disagrees that Defendant's agent did not take her health into account in her termination.

DuPage asserts "the Court misapprehended the impact of [Vinkler]'s deemed admissions" which "mandated summary judgment for [DuPage] on both of [Vinkler]'s claims." (Def.'s Mot. to Reconsider at 2-3.)

However, as the previous Memorandum Opinion and Order explains, the admission of these two statements does not necessarily overcome other properly considered statements of material facts, namely, that Vinkler was fired immediately upon her return to work and had never received a negative performance report prior to taking FMLA leave. A district court "may not weigh the evidence or decide which inferences should be drawn from the facts." *Costello v.*

3

*Grundon*, 651 F.3d 614, 636 (7th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The Supreme Court has denied "suggest[ing] that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255 (citations omitted).

This Court's ruling was overly broad, striking Vinkler's responses to DuPage's SOF 36 and SOF 40 in their entirety, rather than the portions of those responses that violated the local rules. Although Vinkler's response to SOF 36 includes improperly cited, extraneous argument, it specifically disagrees with the assertions regarding the decision to terminate Vinkler's employment. Similarly, the portion of Vinkler's response to SOF 40 that improperly argues that Ewing did not have authority to discharge Vinkler should be stricken. However, Vinkler clearly states she disagrees that her health played no part in her discharge. Vinkler's denials of SOF 36 and SOF 40 are supported by statements of material facts set out elsewhere by Vinkler.

Considering the totality of the Local Rule 56.1 material regarding the motion for summary judgment, the issue of the basis of DuPage's decision to fire Vinkler presents a disputed factual issue. DuPage's assertion that Vinkler was fired solely because of other employees' negative comments must be considered with other admitted facts, like the temporal proximity of Vinkler's firing to her return to work and her previously unquestioned, adequate performance.

Weighing contrary evidence is inappropriate at this point, and "[t]he court may . . . exercise a sound discretion in denying a motion for summary judgment although on the record the movant has made out a case therefor." *Madyun v. Thompson*, 657 F.2d 868, n.18 (7th Cir. 1981) (quotation marks and citations omitted).

## CONCLUSION

For the reasons set forth above, DuPage's Motion for Reconsideration [35] is denied.

Date:	August 14, 2014	_____
JOHN W. DARRAH
United States District Court Judge